IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NORTHWESTERN PACIFIC ) | |
| INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-2105-JWL |
| ) | |
| SAFEWAY, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on Defendants' Motion to Re-Open Case and for Scheduling Conference (Doc. # 12) and Defendants' Objections to Plaintiff's Notice of Dismissal (Doc. # 16), which the Court has deemed a motion to set aside plaintiff's notice of dismissal. For the reasons set forth below, the motion to set aside the dismissal is **denied**; the motion to re-open the case is **denied as moot**; and the case remains dismissed without prejudice.

In 1994, the seven defendants in this case settled claims and obtained consent judgments against Americold Corporation ("Americold"), and defendants subsequently brought garnishment actions in the District Court of Wyandotte County, Kansas, against Americold and its excess liability insurers, including Northwestern Pacific Indemnity Company ("NPIC"), the plaintiff in this action. The state-court litigation included

defendants' contract claims against NPIC, assigned by Americold, based on NPIC's denial of coverage and refusal to settle. On March 3, 2000, NPIC filed the complaint in this case, by which it seeks a declaratory judgment that it acted reasonably and in good faith in denying coverage and that it is not liable with respect to the consent judgments. On May 9, 2000, defendants moved to stay or to dismiss the action, arguing that the Court should, in its discretion, decline to exercise jurisdiction over the declaratory judgment claims, pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), in light of the pending state-court action. On July 24, 2000, the Court granted the motion, stayed the action, and ordered the parties "to notify the court within ten (10) days of the termination of the state case in the event that either plaintiff or defendants wish to seek to re-open this case, or, if not, so that this case can be dismissed."

On December 23, 2011, the Kansas Supreme Court ruled that the consent judgments had been extinguished by operation of certain state statutes and that the state district court therefore lacked subject matter jurisdiction over the garnishment claims, and it remanded the case with directions for dismissal of the state-court action. *See Associated Wholesale Grocers, Inc. v. Americold Corp.*, __ Kan. __, 2011 WL 6604590 (Dec. 23, 2011), *reh'g den.* (Feb. 21, 2012). Subsequently, on January 3, 2012, defendants filed the pending motion to re-open the present case, on the basis that because the Kansas Supreme Court did not reach the merits of the claims against NPIC, those claims should be litigated here.

Plaintiff NPIC did not respond to that motion. Instead, on January 6, 2012, NPIC filed a notice of dismissal of its complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which provides that a plaintiff may dismiss an action without court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." In light of the notice of dismissal, the Clerk of Court administratively closed the case. Defendants then filed an objection to NPIC's notice of dismissal, by which they argued that their prior motion to stay or to dismiss should be deemed a summary judgment motion for purposes of Rule 41(a)(1)(A)(i). After a telephone hearing with the parties, the Court ruled that defendants' objection would be recharacterized as a motion to set aside the notice of dismissal, and it set a schedule for response and reply briefs, which have now been filed.

As noted above, Rule 41 allows for a voluntary dismissal, without court order, if the defendant has not served an answer or a motion for summary judgment. Defendants have not served any answer or summary judgment motion in this case. Nevertheless, defendants argue that their motion to stay or to dismiss, filed in 2000, should be deemed a summary judgment motion for purposes of Rule 41 because the motion included and cited to four state-court filings that had not been attached to the complaint, which documents were not excluded by this Court in granting the stay.

The Court rejects this argument. Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under Rule 56." As NPIC points out, however, defendants' motion to dismiss was not brought under Rule 12(b)(6) (dismissal for failure to state a claim) or Rule 12(c) (judgment on the pleadings)—a point not disputed by defendants in their reply brief. Thus, the Federal Rules do not provide any mechanism by which defendants' motion to dismiss could be deemed a motion for summary judgment.[1] Defendants have not offered any reason why Rule 41(a)(1)(A)(i)'s requirement of a "motion for summary judgment" should be interpreted in any way other than by reference to Rule 56 and Rule 12(d). Accordingly, defendants' objection to the notice of dismissal lacks merit.

Defendants also argue in their reply brief that the filing of the notice of dismissal violated the Court's stay and that NPIC should have sought to have the stay lifted before seeking to dismiss the action. Defendants argue that if they had similarly ignored the stay, they could have filed an answer that would have foreclosed NPIC's ability to dismissal the case unilaterally. The Court rejects this argument. First, defendants did not object to the dismissal as a violation of the stay; thus, defendants are not entitled to raise the issue in their reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues

---

[1] Indeed, the Tenth Circuit has held that a district court's consideration of matters outside the pleadings in resolving a question of subject matter jurisdiction does not convert the motion to dismiss into a motion under Rule 56. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).  Moreover, under the particular procedural posture of this case, had NPIC moved to lift the stay for purposes of a voluntary dismissal, the Court would have granted that motion even over the arguments made by defendants here.  For example, defendants' argument that they may simply re-file the state-court action or the action in this Court demonstrates that they will suffer no prejudice from this ruling.

Accordingly, the Court denies defendants' motion to set aside NPIC's notice of dismissal, the case therefore remains dismissed without prejudice.  In light of that dismissal, defendants' motion to re-open the case is denied as moot.


IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to set aside plaintiff's notice of dismissal (Doc. # 16) is **denied**, and this action remains dismissed without prejudice.

IT IS FURTHER ORDERED THAT defendants' motion to re-open the case (Doc. # 12) is **denied as moot**.

IT IS SO ORDERED.

Dated this 28th day of February, 2012, in Kansas City, Kansas.


             s/ John W. Lungstrum
             John W. Lungstrum
             United States District Judge